UNITED STATES DISTRICT COURT                    Index No. 2012 CV  5733
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
RAFAEL PEREZ, JENNIFER HUERTAS, BETTY
PEREZ, AND JENNIFER HUERTAS AS MOTHER            AMENDED
AND GUARDIAN OF HER INFANT CHILD C.P.            VERIFIED
AND C.P.                                        COMPLAINT
                                Plaintiff,


                        -against-

THE CITY OF NEW YORK, NEW YORK CITY POLICE
DEPARTMENT, POLICE OFFICER JUAN HERNANDEZ,
POLICE OFFICER RODRIGUEZ, 34TH PRECINCT AND
POLICE OFFICERS "JOHN DOES 1-50"

                                Defendants.
-------------------------------------------------------------------x

### INTRODUCTORY STATEMENT

1.      This is an action for damages sustained by plaintiff RAFAEL PEREZ, (herein

after referred to as plaintiff RAFAEL, husband and/or plaintiff) and his wife JENNIFER

HUERTAS (hereinafter referred to as JENNIFER, wife, mother  and/or plaintiff), C.P.

(hereinafter referred to as C.P., infant and/or plaintiff), BETTY PEREZ (hereinafter

referred to as BETTY, sister, and/or plaintiff) against the CITY of NEW YORK

(hereinafter referred to as the CITY and/or defendant), the NEW YORK CITY POLICE

DEPARTMENT, (hereinafter referred to as NYPD and/or defendant), who through its

employees, agents and/or assigns unlawfully assaulted, detained, arrested, prosecuted,

harassed, falsely arrested, falsely imprisoned and maliciously prosecuted plaintiff

RAFAEL PEREZ and plaintiffs RAFAEL PEREZ, JENNIFER HUERTAS, BETTY

PEREZ and C.P. for personal injuries suffered and arising from the unlawful acts in that

they were pepper sprayed and assaulted  by the defendants POLICE OFFICER JUAN

HERNANDEZ-SHIELD NO. 14023, POLICE OFFICER RODRIGUEZ- SHIELD NO.

UNKNOWN AND POLICE OFFICERS "JOHN DOES 1-50" (hereinafter respectively

referred to as HERNANDEZ, RODRIGUEZ and "JOHN DOE" 1-50) (on information and belief Police Officer Flores, Badge no. 22262, Officer Soto, Badge # 24991, Officer Martinez, Officer Munoz, all of 34th and 33rd Precinct) in that they pepper sprayed and assaulted the plaintiffs, and against the CITY/NYPD, as the supervisory body responsible for the conduct of the defendants and for its failure to take corrective action with respect to police personnel for their failure to act, etc. whose vicious propensities were notorious, to assure proper training and supervision of the personnel, or to implement meaningful procedures to discourage lawless official conduct, same which is/are sued as a "person" under Title 42 USC 1983; and the actions of the NYPD in continuing to prosecute a criminal cases against RAFAEL PEREZ; in failure to prosecute and/or investigate a case against said defendant police officers and SGT, POLICE OFFICER JUAN HERNANDEZ, POLICE OFFICER RODRIGUEZ, AND POLICE OFFICER "JOHN DOE" 1-50, and/or police officers and/or defendants (on information and belief Police Officer Flores, Badge no. 22262, Officer Soto, Badge # 24991, Officer Martinez, Officer Munoz, all of 34th and 33rd Precinct) who are the actual perpetrators, culprits, etc. and/or fail to remedy the severe penalties/ conditions issued against plaintiffs including the initial assault upon their person, detention and arrest of RAFAEL PEREZ even though there was no evidence to base a criminal prosecution and/or defendants blatant failure to investigate or prosecute and/or arrest the real perpetrators POLICE OFFICER JUAN HERNANDEZ, POLICE OFFICER RODRIGUEZ, AND POLICE OFFICERS "JOHN DOE" 1-50; including but not limited to the fact that the NYPD, having done nothing meaningful to investigate the complaint of the plaintiffs herein including to refer it to a proper investigative authority particularly in regard to the illegal arrests and the egregious

assault upon plaintiffs' persons on 7/29/11 which resulted in severe physical injuries (e.g. RAFAEL PEREZ was so severely beat), mental and emotional distress to the plaintiffs, and their family; plaintiffs seek recovery for physical injuries and for his aforesaid damages, attorney's fees, etc. THE NEW YORK CITY POLICE DEPARTMENT is named for the malicious prosecution of the plaintiffs and its negligence in prosecuting the defendant RAFAEL PEREZ and negligent failure to monitor his staff.

2.      Through their negligence and/or their negligent failure to act and/or as to the NYPD to take reasonable and prudent steps required since on or about 7/29/11.

## JURISDICTION

3.      This action arises under Sections 1981, 1983, 1985 and 1988 of Title 42 of the United States Code, and the First, Fourth, and Eighth Amendments to the Constitution of the United States, and under the Constitution of the State of New York and the laws of the State of New York and the case law arising thereunder in similar 1983 matters.

## PARTIES

4.      At all times relevant to the allegations of this complaint, plaintiff RAFAEL PEREZ is an individual residing at 501 West 179th Street, Apt. 10, New York, NY 10033 with his wife plaintiff JENNIFER HUERTAS, which is in the Southern District of New York. That at all times hereinafter mentioned, the defendants, CITY and/or NYPD, was is/are and still is/are a domestic and public benefit corporations, organized and existing under and by virtue of the laws of the State of New York.

5.      That NYPD is on information and belief owned, operated and/or subject to

directives of the defendant CITY.

6.      That at all times relevant to this complaint, or from 7/29/11 and thereafter, said defendants maintained and controlled in furtherance of its/their business by the said defendants, CITY and NYPD in the Borough of New York, City and State of New York; and was/were responsible for operating/controlling: jails, courts, police, police precincts, and/or their personal employees, and etc.

7.      At all times relevant, defendant NYPD employees, supervisory personnel and the like, specifically perpetrators POLICE OFFICER JUAN HERNANDEZ, POLICE OFFICER RODRIGUEZ, POLICE OFFICERS "JOHN DOE" 1-50 and/or other NYPD police officers, detectives, supervisors and/or personnel at the precinct in question and/or to NYPD Internal Affairs Bureau including but not limited to supervisors, the officers, and/or staff, whose identities are presently unknown to plaintiffs and/or are on information and belief were NYPD personnel, staff, detectives and/or officers employed by the NYPD and/or by New York City Police Department, to perform duties in the City of New York and elsewhere. At all times relevant, defendants above-named were acting in the capacity of agents, servants and employees of defendant City of New York and are sued individually and in their official capacity.

8.      At all times relevant, defendant NYPD was a municipal corporation(s) duly formed under the laws of New York State, and/or an agency, subdivision, department, etc. of the City of New York duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the state of New York and was the employer and supervisor of defendant NYPD supervisory staff and/or detectives and/or officers.  As such defendants NYPD and CITY was/were

responsible for training, supervision and conduct by said defendants POLICE OFFICERS.  Said defendants were also responsible, under law, for enforcing the regulations of the NYPD and/or New York City Police Department and for ensuring that City of New York, NYPD, and/or supervisory staff, and personnel, as well as police officers in the employ of the NYPD obey the laws of the State of New York and of the United States and prosecute said laws.

9.      At all times relevant defendant NYPD was a municipal corporation or subdivision thereof duly formed under the laws of New York State and/or an agency, subdivision, department, etc. of the CITY OF NEW YORK duly formed pursuant to law and/or is a domestic and public benefit corporation organized or existing under and by virtue of the laws of the State of New York, and was the employer and supervisor of defendant police officers.  As such, NYPD was responsible for training, supervision and conduct by defendants of its supervisory staff, personnel, officers, etc.  It was also responsible, under law, for enforcing the regulations of the New York City Police Department and for ensuring that City of New York police personnel obey the laws of the State of New York and of the United States and/or prosecute same.

10.     At all times relevant, defendant POLICE OFFICERS JUAN HERNANDEZ, POLICE OFFICER RODRIGUEZ AND POLICE OFFICERS "JOHN DOE" 1-50 are employees of the NYPD and on information and belief were in the employ of the NYPD and working and/or at the time of the said egregious unprovoked assaults and battery, illegal detention and/or arrest of the plaintiffs RAFAEL PEREZ AND JENNIFER HUERTAS. The names and addresses of the said other perpetrators e.g. POLICE OFFICERS "JOHN DOE" 1-50 as to name and addresses are unknown to plaintiffs and

their counsel. They are responsible, under law, for enforcing the regulations of the NYPD and the laws of the City and State of New York and for ensuring that their co-workers other NYPD personnel, City of New York personnel, etc. obey the laws of the State of New York and of the United States. At all times relevant hereto and in all their actions described herein, said defendant police officers, NYPD personnel, etc. were acting under color of law and pursuant to their authority as NYPD personnel.

<u>FACTUAL ALLEGATIONS</u>

11.     That NYPD is/are on information and belief owned, operated and/or subject to directives of the defendant CITY.

12.     That on or about 7/29/11 the plaintiffs RAFAEL PEREZ was falsely arrested/accused of being allegedly involved in an assault upon police officers and were falsely charged by the New York County District Attorney's office and improperly filed a criminal court complaint against RAFAEL PEREZ, Docket no. 2011NY056101 for:

        PL 120.05 3H  Aslt-2-police/fireman/hate Crm
        PL 240.20 01  Dis/con:fight/violent Beh
        PL120.05 3H   Aslt-2police/fireman/hate Crm
        PL 120.05     Assault 2- w/int cause phys injury
        PL 195.05     Obstruct Governmental Administration-2nd Degree
        PL 205.30     Resisting Arrest
        PL 140.10     Criminal Trespass 3rd Degree
        PL 240.20     Disorderly Conducrt: Fight/ Violent Behavior

Said criminal court complaint were based on the fraudulent complaints/accusations of the said police officers and the NYPD. RAFAEL was vindictively assaulted and then illegally detained and then falsely arrested and/or held/incarcerated, booked, processed, arraigned, falsely imprisoned as per the request of the defendants' NYPD and/or their police officers and personnel. The plaintiff was further charged in the criminal case where the police officers named herein prepared and specifically on Criminal Court of

the City of New York, Docket No. 2011NY056101, New York County on the above

noted charges; on information and belief commanding officers or other NYPD personnel

at the precinct made a decision to hold and charge the said Plaintiff RAFAEL.  Said

criminal complaint was filed on or about 7/29/11. That the initial illegal and/or false

arrest and/or false imprisonment of the Plaintiff on the aforementioned false charges was

on or about 7/29/11 based on the egregious assault and battery, intentioned illegal

detention and/or arrests and subsequent arraignments of Plaintiff RAFAEL on criminal

charges; and then the malicious prosecution at the request of the NYPD personnel in

Criminal Court, New York County at the behest and request of the defendant police

officers and/or the NYPD's negligent supervision including the decision to arraign and

prosecute the plaintiff RAFAEL on false criminal charges which ultimately resulted in

his exoneration on or about 2/1/12 when the charges against RAFAEL PEREZ were

dismissed and sealed.

13.      The Plaintiffs RAFAEL, JENNIFER, BETTY and C.P. as a result of said

intentional and/or negligent acts of defendants were assaulted without provocation and

because RAFAEL was illegally detained, falsely accused, falsely arrested, imprisoned,

and subjected to intolerable conditions and unacceptable behavior of those who held them

in custody, other intentional and/or negligent acts of defendants and/or on the part of the

defendants included but were not limited to lengthy and intolerable interrogations and

being forcibly held and falsely imprisoned for approximately 30 hours; and then were the

subjects of their malicious prosecution including the continuous adjournments for the

plaintiff RAFAEL on criminal charges which increased legal fees for his defense.

14.      All of the Plaintiffs suffered from the said acts of defendants and/or failure to act

including physical injuries and mental and emotional distress. All of the plaintiffs were publicly humiliated, physically assaulted and/or abused by the police and arresting officers; specifically POLICE OFFICER JUAN HERNANDEZ and P.O. RODRIGUEZ who both struck the plaintiff RAFAEL literally about his face and body! One or more police officers struck RAFAEL while another police officer held him from behind and thereafter RAFAEL was thrown to the ground, picked up and shoved into the police car even though he and many bystanders explained vehemently to the police officers that he was innocent of any wrongdoing and had not violated any law or ordinance and that the defendant police officers' actions were unwarranted and uncalled for! The police utilized excessive force. This all occurred at 2402 Amsterdam Avenue in the City, County, and State of New York, which is in the Southern District of New York and was witnessed by dozens of bystanders who actually called 911 to describe the illegal unwarranted, unconscionable actions and behavior of the police officers towards RAFAEL and the other plaintiffs. The plaintiff RAFAEL was physically injured by the police and required medical treatment thereafter. Thereafter the arresting officers continued to harass and annoy plaintiff at the precinct until plaintiff was brought to Central Booking and then to Criminal Court for arraignment.

15.    The Plaintiffs after the said egregious assault all became ill and remained in an infirm state, all were assaulted, RAFAEL was otherwise physically abused while incarcerated and was not afforded adequate medical attention and/or treatment. Plaintiff Rafael was deprived of his liberty, and/or lost companionship of family and friends. Plaintiff RAFAEL now has a record of an arrest and this may interfere with their future life e.g. career, to find work. RAFAEL was suspended from his job as a security officer

from the day of the arrest through on or about 2/1/12 because of the said arrest and malicious prosecution.   Plaintiff was forced to incur legal and medical expenses and the like, etc., etc.  Specifically RAFAEL PEREZ, JENNIFER HUERTAS, BETTY PEREZ and C.P. has to seek medical treatment from doctors and medical providers was seen and treated and the New York Presbyterian (where he was treated after his release) and various doctors and clinics.

16.     On information and belief the City of New York has negligently failed to properly administer it's agencies and/or departments and the like in regard to the supervision and control over police officers who accuse and arrest citizens and directly effect those accused, detained, arrested, and/or incarcerated and in particular the Plaintiff RAFAEL. The said negligence of the CITY has contributed and/or is responsible for the incident that occurred the continued prosecution and mistreatment of the plaintiffs' injuries.

17.     On information and belief defendants, CITY, NYPD, negligently failed to train, supervise, or provide officers, personnel and/or superiors to supervise and/or control the administration of justice.  That as a result of the said negligence the plaintiffs suffered.

18.     The Plaintiff RAFAEL PEREZ was not only falsely arrested and accused by the NYPD but was incarcerated (held at the precinct and in the pens at central booking) as well; the plaintiff was severely beaten by the arresting officers and this beating on information and belief was witnessed by countless passersby when he was illegally arrested on the street. On information and belief, the NYPD negligently dismissed their requisite INTERNAL AFFAIRS investigation. That the NYPD INTERNAL AFFAIRS BUREAU is a division of the defendant NYPD and was aware of complaints made by plaintiffs RAFAEL and JENNIFER and their family and the general public of the

unconscionable beating of the plaintiff RAFAEL and assault on the other plaintiffs JENNIFER, BETTY and C.P. On information and belief defendants CITY/NYPD deliberately refused to produce their reports and/or their entire investigation in court on the case of RAFAEL, JENNIFER, BETTY and C.P. and/or conduct a thorough unbiased investigation and/or to render a fair report(s). The plaintiffs all appeared and testified before the CCRB (CCRB #201109873) with counsel on more than one occasion within 90 days of the event.

19.    That on information and belief the Defendants, NYPD it's police officers, detectives, agents and the like, and/or the Defendant NYPD Internal Affairs had information, specifically 911 calls from cell phones and the like.  On information and belief said cell phone calls were recorded and gave recordings clearly spelled out accounts by unbiased eyewitnesses that the Plaintiffs RAFAEL was innocent and was not involved in the crimes that he was falsely charged with when they were egregiously and without provocation assaulted by the police and needlessly falsely arrested and imprisoned and maliciously prosecuted. The NYPD and/or NYPD Internal Affairs intentionally and/or negligently withheld information from the police, the court, the plaintiffs and their family and friends, and their defense attorneys that would have exonerated the Plaintiff and/or should have resulted in their immediate releases and dismissal of the respective criminal case (against Rafael).

20.    That on information and belief the NYPD and individual Police Officers and/or NYPD INTERNAL AFFAIRS BUREAU did everything possible to prevent this Plaintiff RAFAEL from being released and/or that the charges be dropped against them, despite possessing the information and/or the said evidence that exonerated both of them and

established that both were innocent.

21.    That on information and belief the Defendants N.Y.P.D, individual police officers and/or NYPD INTERNAL AFFAIRS BUREAU intentionally did the aforementioned acts to keep the Plaintiffs RAFAEL under threat of criminal charges and facing jail, so that the Plaintiff RAFAEL could not defend himself on the criminal case and either plead to a lesser charge and/or not sue the CITY and/or the NYPD and co-defendants police officers.

22.    That the Plaintiff RAFAEL was initially held as a prisoner against his will in a detention cell/jail for approximately 2 days and was effectively prevented from enjoying the freedom and companionship of friends and family. The plaintiffs were all severely injured and needed medical attention and both still suffer from the injuries that they sustained because of the beatings/ mace-ing they received from the police officers. Plaintiffs were traumatized emotionally and physically and emotionally injured. The plaintiff RAFAEL had a swollen lip, abrasions, contusions, etc. Claimant RAFAEL was deliberately punched and/or struck by the police officers about his face and body by one or more police officers even though he had committed no crime. That many eyewitnesses called on their cell phones to 911 to complain about the police violence against the plaintiffs. Almost immediately upon his release RAFAEL was examined by physicians who confirmed his physical injuries. On information and belief the plaintiff wife was emotionally affected by the said assault on her husband and both plaintiffs have valid claims for loss of consortium, they also were both in the "zone of danger" and witnessed the mace-ing of the infant child C.P.

23.    That on information and belief the NYPD, soon after the arrest of the Plaintiff

RAFAEL and/or the events that the Plaintiff RAFAEL was arrested for became aware that a video tape from a nearby car service (Highbridge) was available and realized plaintiffs attorneys could have proof or evidence and/or information that the Plaintiffs were innocent and/or that there were eyewitness accounts exonerating the plaintiffs and that RAFAEL were not involved in the crimes alleged other that the fact that they were present at the location at the time, that NYPD seized the tape and/or destroyed it.

24.     That on information and belief, the defendants deliberately opposed plaintiffs' counsel's application to subpoena records before the Criminal Court of the City of New York, New York County but asked to adjourn RAFAEL'S criminal matters and in effect keep his criminal cases on the court docket under criminal charges, despite the knowledge that RAFAEL was innocent.

25.     On information and belief the actions of the police were intentionally done to harass and annoy and interfere with the plaintiff RAFAEL and HIS attorney's defense of the criminal case to convince him to plead guilty to a lesser charge(s) and to cover up the illegal police conduct. Said actions were unconscionable and violated the plaintiff RAFAEL'S constitutional rights of due process, right to counsel and fair trial under the United States and New York State Constitutions. Just as the egregious assault(s) on the plaintiffs' without provocation and then their illegal detention, initial false arrests, and the interrogations of the defendants and subsequent false imprisonment and malicious prosecution violated their constitutional rights under the New York State and Federal Constitutions including but not limited to their right to due process of the law.

26.     The said defendants are liable for the intentional torts denoted in this complaint; their negligence for false arrest, false imprisonment, intentional infliction of mental

distress and for prima facie tort in that there was the deliberate withholding of evidence and/or deliberate failure to investigate, falsification of criminal charges and acquire same in on information and belief the destruction of evidence that could have exonerated plaintiffs and/or that the said defendants are liable for their negligence and/or were negligent for their said actions and/or failure to act and/or are liable for fraud, false arrest, false imprisonment, malicious prosecution and all other claims denoted in the initial notice of claim that is incorporated in the instant complaint.

27.     That said false arrest, false imprisonment and malicious prosecution of the Plaintiffs was void on its face and/or became obvious when the evidence was obtained by defendants (e.g. Internal Affairs Bureau and/or police/ District Attorney New York County), exonerating the plaintiffs.

28.     That on information and belief the defendants fraudulently and/or knowingly withheld from the Plaintiff RAFAEL and his family and/or his attorney; that the court, the CCRB and District Attorney's office of New York County and any and all information in their possession that would have exonerated the plaintiff RAFAEL and would have resulted in the prompt dismissal of the criminal charges and reinstatement of his rights; that the said knowing and fraudulent actions by the defendants in the continued false and illegal and malicious prosecution of the Plaintiff RAFAEL and resulted in the physical, mental, and emotional distress that all of the plaintiffs endured the said acts of the defendants and/or other acts noted herein establishes their liability for fraud.

29.     That the foregoing acts of the defendants negatively effected the reputations of the Plaintiffs and caused them emotional disturbance and distress.

30.     That plaintiff RAFAEL was beaten by the police and then incarcerated for almost

two days and has been under physician's care since the incident he suffered abrasions and contusions and the accompanying loss of self esteem and confidence since he was suspended from his job.

31.    That plaintiffs were held in custody in the detention cells of the police station; and then held in the detention cells and/or a jail(s) maintained by the defendant(s) CITY, NYPD, e.g. Dept. Of Corrections and/or detention facilities at a city maintained medical institution e.g. New York Presbyterian Hospital.

32.    That as a result of the foregoing acts of the defendants the Plaintiffs RAFAEL and JENNIFER, BETTY and C.P. and/or their family were compelled to retain counsel and/or expend monies for the defense/ representation/ and/or attempts to secure the release of Plaintiffs and etc., and will continue to be obligated for legal expenses in the future. Plaintiffs retained Stuart R. Shaw to represent RAFAEL in his defense. That formal claims were filed with the CCRB (CCRB complaint no. 201109873) for police misconduct.

33.    That a notice of claim and/or notice of intention to sue was duly served upon the defendants within 90 days after the said cause of action of the plaintiff "accrued". The Notice of Claim reads as follows:

> "PLEASE TAKE NOTICE that the undersigned claimant(s) hereby make(s) claim and demand against THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, POLICE OFFICER JUAN HERNANDEZ, POLICE OFFICER RODRIGUEZ, 34TH PRECINCT AND POLICE OFFICERS "JOHN DOES 1-50" as follows:

1.    The name and address of each claimant and claimants' attorney is:

> JENNIFER HUERTAS
> (Individually and as parent of C.P.)
> RAFAEL PEREZ
> C.P. (an infant)

BETTY PEREZ
501 West 179th Street, Apt. 10
New York, NY 10033

STUART R. SHAW, ESQ.
30 West 95th Street, 1st Fl
New York, NY 10025
(212) 661-6750

2.     The nature of the claim: (a) The claimants JENNIFER HUERTAS individually and as mother and guardian of her infant child C.P., who on information and belief was 7 months pregnant at the time of the event complained of 7/29/11, and BETTY PEREZ and C.P. the infant child of R. PEREZ and JENNIFER HUERTAS were all leaving their relatives (mother/grandmother's)home to go next door legally to their apartment when without provocation initially two and then up to fifty police officers assaulted all of the claimants and in particular the claimant R. PEREZ causing each and every one of them physical injuries and severe mental and emotional distress and anguish.

(b) The claimant RAFAEL PEREZ, hereinafter referred to as RAFAEL, R. PEREZ, MR. PEREZ or CLAIMANT or ARRESTED PERSON, was falsely detained, arrested and accused of being involved in crime(s), etc. etc. by the New York City Police Dept. hereinafter referred to as NYPD and on information and belief the District Attorney of New York County. PEREZ was maliciously prosecuted. Specifically police officers of the 34TH Precinct, New York County including but not limited to POLICE OFFICER JUAN HERNANDEZ, Shield No. 14023 of the 34TH Precinct and POLICE OFFICER RODRIGUEZ of the 34th Precinct and/or other police officers or detectives of the NYPD on or about 7/29/11 at or about 2130 hours (930 p.m.) at or about 2402 Amsterdam Avenue, New York, NY. Illegally detained, arrested or accused the said claimant PEREZ. That the initial illegal detention, false arrest and false imprisonment of the ARRESTED PERSON/Claimant R. PEREZ on the aforementioned false charges was on or about 7/29/11; that the ARRESTED PERSON/Claimant R. PEREZ was falsely arrested, accused, falsely imprisoned,  maliciously prosecuted and subjected to intolerable conditions and unacceptable behavior on the part of the defendants including but not limited to a vicious unprovoked humiliating physical assault upon the claimants' persons where the said police officers literally beat the claimant PEREZ and for no just reason across his face and body of R. PEREZ, who has absolutely no criminal history, and suffered bruises, contusions, abrasions, in several places, that the said police officers beat R. PEREZ unmercifully including raining blows all about his body causing abrasions and contusions and the like and a permanent scar and thereafter without properly giving Miranda warnings subjected him to lengthy and intolerable interrogations, being humiliated, booked, fingerprinted,

photographed, put in a cell, not permitted to consult with his attorney, not provided his MIRANDA rights, warnings, etc.; that he was not given medical attention until his release when he went to Columbia Presbyterian Hospital for treatment. That R. PEREZ remained in said incarcerated condition until  when he was finally arraigned having been held under intolerable conditions at a precinct and not brought down to 100 Centre Street until literally many hours had elapsed and only after arraignment he was released on his own recognizance and given a court date with the bogus criminal charges brought against him still existant.  Those charges under Docket no. 2011NY056101 being:

| | |
|---|---|
| PL 120.05 3H | Aslt-2-police/fireman/hate Crm |
| PL 240.20 01 | Dis/con:fight/violent Beh |
| PL120.05 3H | Aslt-2police/fireman/hate Crm |
| PL 120.05 | Assault 2- w/int cause phys injury |
| PL 195.05 | Obstruct Governmental Administration-2nd Degree |
| PL 205.30 | Resisting Arrest |
| PL 140.10 | Criminal Trespass 3rd Degree |
| PL 240.20 | Disorderly Conduct: Fight/ Violent Behavior |

At the same juncture in time the claimant R. PEREZ was also viciously beaten by the police officers present, again without provocation and where blows were rained down upon his head and body. On information and belief causing permanent injury and mental and emotional distress.

3.    Claimants BETTY PEREZ, AND JENNIFER HUERTAS INDIVIDUALLY AND AS MOTHER AND GUARDIAN OF HER INFANT CHILD C.P., the not ARRESTED PERSONS were on or about 7/29/11, physically assaulted by the two aforementioned police officers and/or others. The other officers will be named as JOHN DOES 1-50 and HUERTAS and/or the other claimants were actually pepper sprayed in her face when all she was doing was trying to go home. The fact is that the same police officers were physically assaulting R. PEREZ who was there legally. That the other claimants, just as PEREZ, were assaulted by the said police officers who had viciously attacked R. PEREZ and beat R. PEREZ as well. The claimant R. PEREZ was forcibly removed on information and belief to the 34TH Precinct. The claimant R. PEREZ was also not arraigned within 24 hours.

Claimant R. PEREZ sought medical attention after his release and will have to continuously seek medical attention for his permanent injuries and other injuries that he suffered.

4.    At approximately 9:30 PM on 7/29/11 the said police beat and cuffed the claimant R. PEREZ (and the other claimants) and later took R. PEREZ to the precinct, to a cell where he was placed in custody against his will. R. PEREZ was thoroughly searched everywhere about his body and photographs were taken again and then placed in a holding cell that was filthy and dirty and stunk of urine and feces and he was kept there for awhile without receiving medical attention that was required and

requested he was cuffed again and police took him to be arraigned before a judge at 100 Centre Street. R. PEREZ must defend the criminal case and has retained Stuart R. Shaw, Esq. to represent him and will and has incurred legal fees and expenses. All claimants have sought legal counsel and are responsible for legal fees and disbursements.

5.      The Claimants R. PEREZ was illegally detained, then falsely arrested and accused by the N.Y.P.D., but he was incorrectly accused when he was arrested as having been involved in alleged crimes, e.g. the false accusation that he assaulted anyone. The claimant R. PEREZ was incorrectly negligently charged by the NEW YORK COUNTY District Attorney and/or the N.Y.C.P.D. and was negligently incarcerated before he appeared in the court on the said Criminal Court case. The aforementioned negligent actions of the N.Y.C.P.D. and NEW YORK COUNTY District Attorney by said negligent incorrect accusations against this Claimant R. PEREZ has caused serious repercussions and damaged the Claimant. For instance the claimant R. PEREZ was separated from his family, friends and etc. and the fact that he was incarcerated made it difficult for his family and his attorney Stuart R. Shaw to locate him in the Criminal Justice system including why and where he was allegedly incarcerated.

6.      That on information and belief the Defendant N. Y. P. D. its police officers, detectives, agents and the like, and/or the Defendant District Attorneys office had information that this Claimant PEREZ was innocent and not involved in the crimes that he was alleged to have committed, but intentionally withheld information from, the co-claimants BETTY PEREZ, AND JENNIFER HUERTAS INDIVIDUALLY AND AS MOTHER AND GUARDIAN OF HER INFANT CHILD C.P., from the onset and/or should have resulted in his immediate release and/or to cover up the fact that all the claimants had been assaulted and beaten, e.g. when a defenseless pregnant woman, her child, sister in law and R. PEREZ all without a criminal record; without provocation or reason. That on information and belief the Police and/or District Attorneys office did everything possible to prevent the Claimant R. PEREZ from being released and/or timely released and/or that the charges be immediately dropped against him; that on information and belief the Defendants N.Y.P.D and/or District Attorney intentionally did the aforementioned acts to keep all of the Claimants and MR. PEREZ "on ice"; that the Claimant MR. PEREZ was held as prisoners against their will on 7/29/11 and 7/30/11 until his release and was prevented from being with his respective family from the time of his illegal detention and false arrest and incarceration.

7.      That the Claimant MR. PEREZ was negligently held by the defendants in spite of the fact that the Claimant MR. PEREZ was innocent. That none of the Claimants was a perpetrator of any crime. This all caused them and their families severe mental and emotional distress, etc. etc. Personal belongings were lost and/or damaged and otherwise

affected by the unreasonable search by the police that resulted in them finding no contraband or evidence to support their allegations against MR. PEREZ. This was not a consent detention, search, arrest or incarceration

8.      The time when, the place where and the manner in which the claim arose: see above- 7/29/11, at or about 2402 Amsterdam Avenue, New York, NY, 9:30 PM thereafter at the 34TH Precinct, New York, New York. The Claimant MR. PEREZ was illegally detained, falsely arrested without an arrest or search warrant

9.      The items of damage or injuries claimed are one million ($1,000,000.00) dollars for each claimant on each legal cause of action see above numbers 1, 2 & 3:

1.      Negligence
2.      False arrest
3.      False Imprisonment
4.      Intentional infliction of mental distress
5.      Prima facie tort
6.      Fraud
7.       Abuse of Process
8.      Filing a false complaint and/or attempt and/or conspire to file false complaint, commit said illegal act
9.      Malicious Prosecution
10.     Assault and Battery
11.     Punitive Damages
12.     Compensatory Damages

10.     The Claimant(s) suffered mental and emotional distress, all of the Claimants were physically assaulted and/or abused by the arresting officers. The Claimant PEREZ became ill while incarcerated and was not afforded adequate medical attention and/or treatment. The Claimant MR. PEREZ was deprived of his liberty, the ability to earn a living and suffered lost earnings, deprived and/or lost companionship of family and friends. The Claimant MR. PEREZ now on information and belief has a record of an arrest, and this may interfere with any subsequent application for jobs etc, the claimants were forced to incur legal and medical expenses and the like etc., etc. Each Claimant suffered personal injury and mental and emotional distress etc.

11.     AMOUNT CLAIMED: One Million ($1,000,000.00) dollars for each individual claimant against each defendant individually for each cause of action in negligence, false arrest, false imprisonment, fraud, intentional infliction of mental distress, prima facie tort, abuse of process, filing a false complaint, malicious prosecution, assault and battery, and etc. in favor of each individual claimant against each individual defendant for Punitive Damages $1,000,000.00 against each named Defendant and in favor of each claimant, and for Compensatory Damages $1,000,000.00; against each named Defendant in favor of each individual claimant (mother and infant child).

| RAFAEL PEREZ | $11,000,000.00 |
| JENNIFER HUERTAS | $ 7,000,000.00 |
| JENNIFERHUERTAS | $ 7,000,000.00 |
| AS MOTHER AND GUARDIAN OF C.P. | |
| BETTY PEREZ | $ 7,000,000.00 |
| TOTAL AMOUNT CLAIMED: | $32,000,000.00" |

34.     That more than thirty days have elapsed since the service of the said notice of claim and/or notice of intention to sue upon defendant.

35.     That the defendants and its comptroller and/or counsel have failed, neglected and refused to pay, settle, compromise or adjust the claim of the plaintiff herein.

36.     That this action has been commenced within one year and ninety days after the cause of action of plaintiff accrued; notice of claim was served personally and by certified mail, the plaintiff will purchase the summons on or about 7/26/12 and will serve all of the defendants.

37.     The defendants never conducted a complete 50H deposition of plaintiffs through their own negligence and/or recalcitrance but hearings were held under oath before the CCRB (CCRB No. 201109873).

38.     That at all times relevant to this complaint, or from on or about 7/29/11 and thereafter, said defendants maintained and controlled in furtherance of its/ their business by the said defendants, CITY and NYPD and/or NYPD in New York County, City and State of New York and was/were responsible for operating/ controlling: precincts, precinct districts, high precincts, prosecution of Criminal court cases, jails, courts, police, police precincts, Internal Affairs Bureau, and/or their personal employees, and etc. etc.

39.     As a result of his treatment at the hands of the defendants' (in particular the NYPD and POLICE OFFICER JUAN HERNANDEZ, POLICE OFFICER RODRIGUEZ, POLICE OFFICER "JOHN DOE 1-50") plaintiffs RAFAEL PEREZ and

JENNIFER HUERTAS, BETTY PEREZ and C.P. suffered physical and mental injury, pain, humiliation and emotional distress, in addition to loss of liberty, etc. etc.

40.    Upon information and belief, the abuse to which the plaintiffs were subjected was consistent with an institutionalized practice of the NYPD of the City of New York, which was known to and ratified by defendant City of New York, said defendants having at no time taken any effective action to prevent NYPD and/or police personnel from continuing to engage in such misconduct.

41.    Upon information and belief, defendants City of New York and/or NYPD and/or NYPD had prior notice of the propensities of defendant NYPD personnel and/or police officers and/or lack of training, but took no steps to train them, correct their abuse of authority or to discourage their unlawful use of authority. The failure to properly train said defendants included lack of instruction as to the proper procedure to protect citizens who were threatened and/or assaulted by criminals.

42.    Upon information and belief, defendants City of New York and/or NYPD and NYPD authorized, tolerated as institutionalized practices, and ratified the misconduct herein before detailed by: (a) failing to properly discipline, restrict and control NYPD and/or NYPD employees, supervisors, and supervisory staff of police officers including those posted for patrol  (b) failing to take adequate precautions in the hiring, promotion and retention of NYPD and/or police personnel, including specifically defendant NYPD supervisors noted herein and/or police officers stationed at the precinct; (c) failing to forward to the office of the District Attorney of New York County evidence of criminal acts committed by the defendant police officers and/or detectives and withholding and/or destroying evidence and/or failure to adequately investigate claims by Internal Affairs;

and (d) failing to establish and/or assure the functioning of a meaningful departmental system for dealing with complaints of NYPD supervisors or employees and/or police misconduct, and/or negligent failure to act to secure the safety of a citizen and to prevent further violence to that citizen but instead responding to such valid complaints of the plaintiffs (e.g. CCRB complaint no. 201109873) supported by others (e.g. 911 calls) and official denials calculated to mislead the public and actions taken to denigrate and punish the innocent citizen who fastidiously took every step humanly possible to try to help. This conduct also constitutes negligence and/or gross negligence under state law.

43.    Plaintiff, RAFAEL PEREZ, JENNIFER HUERTAS, his wife and their daughter reside together, at 501 West 179th Street, Apt. 10, New York, NY 10033, his sister BETTY PEREZ also resides in New York.

44.    The wife, JENNIFER HUERTAS, was present when the police without provocation attacked RAFAEL PEREZ and witnessed the egregious beating and abusing him until he appeared to be unconscious. JENNIFER HUERTAS, during the unprovoked assault on her husband the plaintiff RAFAEL, by the police and other plaintiffs were beaten and maced even though they were lawfully in their premises and had not committed any crime or interfered with the police. Plaintiffs RAFAEL PEREZ and JENNIFER HUERTAS, (the parents of C.P.), C.P., and BETTY PEREZ were in the "zone of danger". When C.P. was assaulted all witnessed the baby being maced.

45.    As set forth in the notice of claim, RAFAEL PEREZ, the wife JENNIFER HUERTAS, BETTY PEREZ and C.P. suffered injuries which resulted from the negligence and/or other tortious acts and carelessness of the agents, employees, servants and/or police officers of the NYPD. BETTY PEREZ has been treated at Columbia

Presbyterian for injuries from the said unprovoked assault by the NYPD officers and their "excessive force."

46.    Plaintiff JENNIFER HUERTAS was examined at New York Columbia Presbyterian Hospital. The said wife's condition has failed to improve and the wife was eventually examined by several different doctors- over this period of time tests have been conducted to ascertain the full extent of the plaintiff HUERTAS' injuries and to determine the proper treatment.

47.    The incident which gave rise to plaintiffs' claim occurred on 7/29/11.

## FEDERAL CAUSES OF ACTION

48.    Each and every allegation set forth in Paragraphs "1" through "47" is incorporated herein by reference.

49.    The above described actions and omissions, engaged in under color of state authority by defendants, including defendants City, NYPD, etc. responsible because of its authorization, condonation and ratification thereof for the acts of its agents, deprived plaintiff of rights secured to his by the Constitution of the United States, including, but not limited to, his Fourth Amendment right to be free from false arrest and imprisonment and the right to be free from unjustified and excessive force utilized by police, and his Eighth Amendment right to be free from cruel and unusual punishment and fourteenth amendment right to due process and equal protection under the laws.

## PENDING CAUSES OF ACTION

50.    Each and every allegation set forth in Paragraphs "1" through "49" is incorporated herein by references.

51.    Plaintiffs filed a written Notice of Claim with defendant City of New York within 90 days after plaintiffs' claim arose, demanding adjustment and payment, as mandated by Section 50(e) of the General Municipal Law of the State of New York.

52.    More than 30 days have elapsed since service of such Notice of Claim and adjustment or payment thereof has been neglected or refused.

53.    This action has been commenced within one year after the termination of criminal proceedings against plaintiff pursuant to Section 215(8) of the New York CPLR and/or within one year and 90 days of the date of the incidents alleged in instant complaint (arrest 7/29/11 subsequent prosecution in the Criminal Court of the City of New York, New York County on Docket No. 2011NY056101 dismissed on or about 2/1/12) and/or within one year and 90 days of the date of the incidents alleged in the complaint on 7/29/11 and thereafter respectively  pursuant to Section 50 of the General Municipal Law of the City and State of New York.

54.    The acts and conduct herein before alleged constitute negligence, assault and battery, false arrest and imprisonment, malicious prosecution, defamation, prima facie tort, and intentional infliction of emotional distress and the deliberate withholding of and/or destruction of relevant evidence specifically video tapes and/or 911 calls and/or Internal Affairs memos and the like of the occurrence under the laws of the State of New York.

1. Negligence
2. False arrest
3. False Imprisonment
4. Intentional infliction of mental distress
5. Prima facie tort
6. Fraud
7. Abuse of Process

8. Filing a false complaint and/or attempt and/or conspire
to file false complaint, commit said illegal act
9. Malicious Prosecution
10. Assault and Battery
11. Loss of Consortium
12. Excessive Force

55.    That by reason of the aforesaid occurrence, and defendants' negligence

and the injuries which RAFAEL PEREZ and his wife JENNIFER HUERTAS,

BETTY PEREZ and C.P. each sustained thereby the plaintiffs' were made sick,

sore, and disabled and were caused to suffer grievous pain and agony and mental

anguish from the time of the incident 7/29/11 until the present and endured and

continued to endure conscious pain and suffering, which resulted from said

injuries sustained as aforesaid, all to their damage in the sum of One Million

($1,000,000.00) Dollars each individually against each of the individual

defendants, each plaintiff has a separate and distinct claim for loss of consortium

in the amount of one hundred thousand ($100,000.00) dollars.

56.    This Court has pendent jurisdiction to hear and adjudicate those claims.

<u>ATTORNEYS' FEES</u>

57.    Plaintiffs are entitled to an award of attorneys' fees, pursuant to 42 U.S.C. 1988

(b); 42 U.S.C. 1983.

**WHEREFORE**, plaintiffs individually demand the following relief, jointly and

severally, against all the defendants: One million ($1,000,000.00) dollars against each

defendant in negligence for false arrest, false imprisonment, assault, fraud, intentional

infliction of mental distress, Prima facie tort, Abuse of Process, Filing a false complaint,

malicious prosecution , etc. in favor of each individual claimant/plaintiff against each

individual defendant; Punitive Damages $1,000,000.00 against each Defendant,

Compensatory Damages $1,000,000.00 against each Defendant; loss of consortium in the

amount of one hundred thousand ($100,000.00) dollars in favor of plaintiffs RAFAEL

and HUERTAS against each defendant.

1. Negligence
2. False arrest
3. False Imprisonment
4. Intentional infliction of mental distress
5. Prima facie tort
6. Fraud
7. Abuse of Process
8. Filing a false complaint and/or attempt and/or conspiring to file a false complaint
9. Malicious Prosecution
10. Assault and Battery (excessive force)
11. Loss of Consortium


TOTAL AMOUNT CLAIMED: $32,200,000.00

A.    Tort Claims, one million ($1,000,000.00) dollars each against each defendant or million ($1,000,000.00) dollars.

B.    Plaintiff RAFAEL and HUERTAS each has a claim for loss of consortium in the amount of one hundred thousand ($100,000.00) dollars.

C.    Compensatory damages in the amount of One Million ($1,000,000.00) Dollars against each defendant;

D.    Punitive damages in the amount of One Million Dollars against each defendant;

E.    Attorneys' fees pursuant to 42 U.S.C. 1988(b); 42 U.S.C. 1983; and

F.    For such other and further relief as to the Court deems just and proper.

DATED:    New York, New York
            October 1, 2013

Law Office of Stuart R. Shaw,

By: _____
Attorney for Plaintiffs
30 West 95th Street, 1st Fl
New York, NY 10025
(212) 661-6750
(212) 661-6594 FX

To:     Corporation Counsel of the City of New York,
Attorney for Defendants
100 Church Street, 4th Floor,
New York, N. Y. 10007

Comptroller of the
City of New York
C/O Corporation Counsel of the City of New York
100 Church Street, 4th Floor
New York, N. Y. 10007

New York City Police Department
One Police Plaza
New York, N. Y. 10038-1497

POLICE OFFICER JUAN HERNANDEZ-SHIELD NO. 14023,
POLICE OFFICER RODRIGUEZ- SHIELD NO. UNKNOWN,
POLICE OFFICERS "JOHN DOES 1-50" (on information and belief Police Officer
Flores, Badge no. 22262, Officer Soto, Badge # 24991, Officer Martinez, Officer Munoz,
all of 34th and 33rd Precinct)
c/o 34th Precinct
4295 Broadway,
New York, NY, 10033
and/or c/o New York City Police Department
One Police Plaza
New York, N. Y. 10038-1497